IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMILE SAINT THOMPSON,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants.<br>_____ | No. C 10-0354 MMC (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

On January 26, 2010, plaintiff, a California prisoner incarcerated at San Quentin State Prison ("SQSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Plaintiff's Claim

Plaintiff makes the following allegations in the complaint:  On March 20, 2008 plaintiff was returned to custody on a parole violation, with a release date of June 20, 2008. Plaintiff was housed at San Quentin State Prison.  Various miscalculations during plaintiff's incarceration resulted in plaintiff's being given a higher custody score than was warranted. Plaintiff attributes the miscalculations to the fact of plaintiff's transgender/transexual identity.  Plaintiff complained to correctional counselor Marshall, who told plaintiff to file an inmate appeal.

On August 7, 2008, in Solano County, plaintiff was returned to custody on another parole violation, with a release date of May 7, 2009.  On August 25, 2008, plaintiff was transferred to North Kern State Prison.  Subsequently, on March 23, 2009, plaintiff was transferred to a level 3 yard at Soledad State Prison, specifically, the North B Yard.  Plaintiff alleges the transfer was in retaliation for plaintiff's prior complaints against staff.

Plaintiff was advised by another inmate that the North B yard at Soledad was dangerous for transgender/transexual individuals.  Plaintiff was housed on the North B yard for sixteen days without being seen by the classification committee.  During that time, plaintiff was "harrassed [sic] and intimidated" by other inmates.  (Compl. at 2-B.)

Subsequently, after informing staff about the harassment and intimidation, plaintiff was transferred to another building on the same yard.  Plaintiff was scheduled to see the classification committee on April 7, 2009.  Captain Jordan told Lt. Vahl to be sure that plaintiff's points were reduced to a level 2.  Plaintiff currently is incarcerated at San Quentin State Prison.

Plaintiff claims that during the time he was housed on the North B Yard, "[his] safety and security had and was compromised intentionally." (Compl. 3-C.)  Plaintiff seeks ten million dollars in damages.

2

C.    <u>Analysis</u>

As noted, plaintiff claims retaliation was the motive behind plaintiff's being housed on the North B yard, where plaintiff was subjected to harassment and intimidation by other inmates.

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. <u>Mt. Healthy City Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 283-84 (1977). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Prisoners may not be retaliated against for exercising their right of access to the courts, <u>see</u> <u>Schroeder v. McDonald</u>, 55 F.3d 454, 461 (9th Cir. 1995), which right extends to access to established prison grievance procedures. <u>See</u> <u>Bradley v. Hall</u>, 64 F.3d 1276, 1279 (9th Cir. 1995). Consequently, a prisoner may not be retaliated against for using such procedures. <u>See</u> <u>Rhodes</u>, 408 F.3d at 567.

Here, plaintiff alleges that various prison officials retaliated against him because plaintiff had filed complaints against staff. Plaintiff, however, never identifies the subject matter of the relevant complaints, nor specifies how the prison officials responsible for retaliating against plaintiff came to know about those complaints. For example, plaintiff was incarcerated at three different prisons during the relevant time period but does not identify at which prison or against whom the complaints were filed. Additionally, plaintiff does not clearly identify which prison officials were responsible for retaliating against plaintiff. For example, plaintiff does not identify who made the decision to place and retain plaintiff on the North B yard. No claim for retaliation can be stated without allegations that specific individuals took retaliatory action against plaintiff because they knew of plaintiff's protected

3

1 conduct.

2 Accordingly, plaintiff's retaliation claim will be dismissed. Plaintiff may, however,
3 file an amended complaint if plaintiff can in good faith allege facts, subject to proof, that cure
4 the pleading deficiencies noted above.

## CONCLUSION

Within **thirty (30)** days of the date this order is filed, plaintiff may file an AMENDED COMPLAINT, **using the court's form civil rights complaint**, a copy of which is provided herewith, in order to cure the deficiencies noted above. Plaintiff shall complete the form, and include in the caption both the case number of this action, No. C 10-0354 MMC (PR), and the phrase "AMENDED COMPLAINT."

An amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint. London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). These rules govern actions filed by pro se litigants as well as litigants represented by counsel. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Accordingly, if plaintiff wishes to amend the complaint to cure the pleading deficiencies noted above, plaintiff must file an amended complaint that includes any claims from the original complaint plaintiff wishes to preserve.

**If plaintiff fails to timely file an amended complaint in conformity with this order, the complaint will be dismissed without prejudice.**

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

DATED: April 26, 2010

MAXINE M. CHESNEY
United States District Judge

4